IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE OF KANSAS,**<br>*ex rel. Derek Schmidt, Attorney General,*<br>**State of Kansas and BOARD OF**<br>**COUNTY COMMISSIONERS OF**<br>**CHEROKEE, KANSAS,**<br><br>            **Plaintiffs,**<br><br>v.<br><br>**NATIONAL INDIAN**<br>**GAMING COMMISSION,** *et al*.<br>**PROJECTS CORP.,**<br><br>            **Defendants.** | Case No. 15-CV-4857-DDC |

## MEMORANDUM AND ORDER

This matter is before the Court on three Motions for Extension of the Deadline for Responding to Request for Preliminary Injunction filed by: (1) Barbara Kyser Collier, Art Cousatte, Thomas Crawfish Matthews, Larry Ramsey, Tamara Smiley Reeves, Rodney Spriggs, and Fran Wood (Doc. 23); (2) the Quapaw Tribal Development Corporation (Doc. 40); and (3) the Downstream Development Authority of the Quapaw Tribe of Oklahoma and John L. Berrey (Doc. 49) (collectively, the "Tribal Defendants").

The Tribal Defendants have requested an extension until June 22, 2015 to respond to plaintiffs' Motion for Preliminary Injunction (Doc. 14). They argue that as subdivisions, arms, officers, and directors of the Quapaw Tribal government, they are immune from suit in federal court. They contend that tribal immunity requires the Court to dismiss this action before it addresses any other issue. The Tribal Defendants have filed a Motion to Dismiss (Doc. 50) and a Motion to Stay Proceedings on Pending Request for Preliminary Injunction (Doc. 52) asserting

1

their tribal immunity defenses. Plaintiffs' time to respond to these motions under D. Kan. Rule 6.1(d) has not expired.

Generally, a court must decide whether it has subject-matter jurisdiction over a party claiming tribal immunity before a case may continue. *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1172 (10th Cir. 1998) ("[T]he Tribe should not be compelled 'to expend time and effort on litigation in a court that does not have jurisdiction over them.'") (quoting *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 716 (10th Cir. 1989)). The Court therefore grants the Tribal Defendants an extension to respond to plaintiffs' Motion for Preliminary Injunction. But it does not set a date by which the Tribal Defendants must respond at this time. Instead, the Court will first consider the parties' jurisdictional arguments raised in the Tribal Defendants' Motion to Stay. If it determines that it has subject-matter jurisdiction over the Tribal Defendants, the Court will set a response date. Thus, the Court grants in part the Tribal Defendants' Motions for Extension.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Tribal Defendants' Motions for Extension of Deadline for Responding to Request for Preliminary Injunction (Docs. 23, 40, 49) are granted in part.

**IT IS SO ORDERED.**

**Dated this 26th day of June, 2015, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**